## JUSTIN CARPENTER agt. LUCIEN TUFFS.

Where defendant was misled, in not finding the cause on the circuit calendar some days after the circuit commenced, and before the plaintiff had taken an inquest in the cause, he served a notice of trial and inquest for the *next circuit* on defendant's attorney; defendant was allowed to come in and defend on terms, although he had not served an affidavit of merits for the circuit, merits being sworn to on the motion. The suggestion mentioned by Mr. Justice BEARDSLEY, in 2 *Howard*, 151, in giving notice of trial for a *subsequent circuit* before the close of the sitting circuit, approved and sustained.

*June Term*, 1846.

MOTION by defendant to set aside inquest and subsequent proceedings.

It appeared from defendant's papers that issue was joined in this cause on the 21st July, 1845; was noticed for trial for the New-York circuit, held on the fourth Monday of [*167] December last. Plaintiff did not proceed *to the trial at that circuit, but stipulated to pay defendant's costs of the circuit, and bring the cause to trial at the succeeding March circuit, to be held on the first Monday of March, 1846. Defendant's attorney made out his costs, had them taxed on notice, and demanded them of plaintiff, and he refused to pay. At the March circuit, plaintiff did not put the cause on the calendar, until some time in the third week of the circuit, when the circuit judge granted an order *ex parte* to have the cause placed upon the calendar on motion of plaintiff. Defendant's attorney repeatedly examined the general calendar during the first two weeks of the circuit, but did not find the cause thereon; he did not know that the cause was put upon the calendar (not having received any notice of it), until the afternoon of the 9th of April last, when he ascertained (by

Carpenter agt. Tuffs.

accident) that the plaintiff had taken an inquest in the cause; and on an examination of the calendar, defendant's attorney found the cause entered on the calendar, not among the causes on the general calendar, but as the thirty-second cause at the end of the general calendar, and after it had been made up. On the 3d of April last defendant's attorney was served with a *notice of trial* of the cause, for the first Monday of *May* thereafter. Judgment was entered on the 9th of April last. Defendant swore to merits. On the part of the plaintiff it appeared that no affidavit of merits was served on plaintiff until the 4th of May last, and after judgment had been entered in the cause. The cause was noticed for trial for the *third* Monday of March last, and on the 10th of March plaintiff filed with the clerk a note of issue, and paid the fees, but the clerk refused to put the cause on the calendar. On the morning of the first day of the circuit, in open court, plaintiff applied to the court to correct the calendar, and the circuit judge directed the clerk to put this cause on the calendar, which he did, and noted it to come in according to the date of its issue. On the 8th of April the cause was regularly put on the day calendar, and called in its regular order thereon, and an inquest taken the 9th of April. Plaintiff stated that the March circuit being quite short, and fearing that the cause might not be reached in its regular order, noticed it for trial and inquest for the succeeding May circuit.

> JOHN TUFFS, *defendant's counsel and attorney.*
> JUSTIN CARPENTER, *counsel and attorney in person.*

Defendant's counsel insisted that they had been misled, in not finding the cause on the calendar; the plaintiff's attorney should have given notice that he was going to place it upon the calendar. And further, that *the notice [*168] of trial served on defendant's attorney for the May circuit, when defendant's attorney was not aware of its being on the March calendar, was especially calculated to mislead. Defendant's counsel cited the case of *Faulkner* agt. *The Mayor, &c., of Brooklyn* (2 *How.* 151), decided by Mr. Justice BEARDS-

LEY, to the point that the notice of trial served for the May circuit, before the close of the March circuit, should have contained the reservation therein mentioned, to wit: "in case the cause is not tried at the present circuit."

JEWETT, Justice. Granted the motion on payment of the costs of the circuit and subsequent proceedings, and $7 costs of opposing motion, and expressed his opinion in favor of the suggestion of Mr. Justice BEARDSLEY in the case cited.